**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-5181**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HAROLD EUGENE PATTON, JR.,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge. (1:07-cr-00033-LHT-9)

---

Submitted:  August 20, 2010      Decided:  September 15, 2010

---

Before NIEMEYER, GREGORY, and KEENAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Walter E. Daniels, III, DANIELS LAW FIRM, PC, Asheville, North Carolina, for Appellant.  Edward R. Ryan, United States Attorney, Jennifer Lynn Dillon, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Eugene Patton, Jr., appeals his conviction for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). On appeal, Patton contends that his trial counsel was ineffective and the district court abused its discretion in denying Patton's motion to withdraw his guilty plea. We affirm.

Patton first contends that his trial attorney was ineffective in failing to inform him of the enhanced sentence he faced, and failing to investigate defenses available to Patton before advising him to plead guilty. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must ordinarily bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Because the record does not conclusively establish that Patton's original counsel was ineffective, we decline to consider this claim on direct appeal.

Next, Patton argues that the district court erred in denying his motion to withdraw his guilty plea. Patton asserts that, because his attorney rendered ineffective assistance and Patton is actually innocent, he has demonstrated a fair and just reason for withdrawal.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "A defendant has no absolute right to withdraw a guilty plea . . . ." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted). The defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." Bowman, 348 F.3d at 414. "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

In determining whether a defendant met his burden, we consider six factors, as summarized in Ubakanma, 215 F.3d at 424 (citation omitted). After reviewing the record, we conclude that the district court did not abuse its discretion in denying Patton's motion to withdraw his guilty plea.

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument will not aid the decisional process.

AFFIRMED